IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDALL PAUL LAWS,
    Petitioner,

vs.                                      Case No.: 3:15cv583/LAC/EMT

JULIE JONES,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (ECF No. 1). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (ECF No. 7). Petitioner filed a response in opposition to the motion (ECF No. 11).

      The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Respondent's motion to dismiss should be granted, and the habeas petition dismissed as untimely.

I.  BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (ECF No. 7).[1]  Petitioner was charged in the Circuit Court in and for Escambia County, Florida, Case No. 2010-CF-2218, with one count of aggravated assault by threat with a firearm, a third degree felony (Count 1), one count of discharging a firearm, a misdemeanor (Count 2), and one count of possession of a firearm by a convicted felon, a second degree felony (Count 3) (Ex. A).  On March 14, 2011, Petitioner signed a "Sentence Recommendation," pursuant to which he stated his intention to enter a plea of no contest to Counts 1 and 3, which carried respective maximum sentences of five and fifteen years, with the understanding that (1) the State would dismiss Count 2, (2) Petitioner would be adjudicated guilty of Counts 1 and 3, (3) Petitioner would be sentenced to five years in prison on Count 1, to run concurrently with his sentence in Escambia County Case No. 2010-CF-4819, and (4) Petitioner would be sentenced to a term of ten years in prison on Count 3, with a three-year mandatory minimum, to run concurrently with Petitioner's sentence in Case No. 2010-CF-4819, and concurrently with the sentence on Count 1 (Ex. B).

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (ECF No. 7) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Additionally, Petitioner agreed that the factual basis for his plea to Counts 1 and 3 was the following:

> That on May 15, 2010, in Escambia County, FL, the defendant and the victim Robert Tohosky had a verbal disagreement over the phone. The defendant then drove to the Happy 7 Food Store located at 4910 Lillian Highway to confront Mr. Tohosky. The defendant got out of his vehicle with a handgun and fired one shot in the ground. The defendant then ran towards Mr. Tohosky and attempted to hit him with the gun. A brief struggle ensued before the defendant fired one more shot towards Mr. Tohosky. The defendant then got back into his vehicle and departed the scene. The defendant was previously convicted of rape in Alabama.

(Ex. B). At a plea and sentencing hearing held the same day, the trial court accepted Petitioner's plea, adjudicated him guilty of Counts 1 and 3, and sentenced him to a total of ten years in prison, with a three-year mandatory minimum, to run concurrently with Petitioner's sentence in Case No. 2010-CF-4819, and with pre-sentence jail credit of 31 days (Exs. C, D). The judgment was rendered on March 14, 2011 (Ex. D). Petitioner did not appeal the judgment (*see* ECF No. 1 at 2).

On October 29, 2012, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, in the state circuit court (Ex. E). The circuit court struck the motion as facially insufficient, with leave to file an amended motion "within a reasonable time" and in accordance of the time limits set forth in Rule 3.850 (Ex. F). Petitioner filed an amended motion on February

7, 2013 (Ex. G). The circuit court summarily denied the motion in an order rendered July 9, 2013 (Ex. H). Petitioner appealed the decision to the Florida First District Court of Appeal ("First DCA"), Case No. 1D13-4441 (Ex. K). The First DCA affirmed the lower court's decision per curiam without written opinion on February 5, 2014 (*id.*). Laws v. State, 132 So. 3d 227 (Fla. 1st DCA 2014) (Table). The mandate issued March 4, 2014 (*id.*).

On October 17, 2013, Petitioner filed a motion to correct sentence, pursuant to Rule 3.800, in the state circuit court (Ex. L). He subsequently filed an amended motion (Ex. M). The circuit court summarily denied the motions in an order rendered January 2, 2014 (Ex. N). Petitioner appealed the decision to the First DCA, Case No. 1D14-0866 (Exs. O, P). The First DCA affirmed the lower court's decision per curiam without written opinion on August 28, 2014 (Ex. R). Laws v. State, 150 So. 3d 1138 (Fla. 1st DCA 2014) (Table). The mandate issued November 5, 2014 (*id.*).

On March 17, 2014, Petitioner filed a petition for belated appeal in the First DCA, Case No. 1D14-1262, seeking to file a belated direct appeal of the judgment of conviction and sentence (Ex. T). The First DCA denied the petition on May 16, 2014, citing Florida Rule of Civil Procedure 9.141(c)(5)(A) (Ex. U). Laws v. State, 138 So. 3d 1147 (Fla. 1st DCA 2014) (Mem).

On January 16, 2015, Petitioner filed a second Rule 3.850 motion (Ex. V). In an order rendered April 21, 2015, the state circuit court denied the motion as untimely (Ex. W). Petitioner appealed the decision to the First DCA, Case No. 1D15-2615 (Exs. BB, CC). The First DCA affirmed the lower court's decision per curiam without written opinion on September 29, 2015 (Ex. EE). Laws v. State, 177 So. 3d 611 (Fla. 1st DCA 2015) (Table). The mandate issued November 23, 2015 (*id.*).

Petitioner commenced the instant federal habeas action on December 28, 2015 (ECF No. 1). He asserts the following four claims:

> Ground One: Defendant's plea was not knowingly nor intelligently and voluntarily entered, nor was he informed by the trial court that he had a right to withdraw his plea.
>
> Ground Two: Ineffective assistance of defense counsel when advising him to plead out to the charges that he was actually innocent of.
>
> Ground Three: Ineffective assistance of defense counsel when he failed to move for a dismissal of the felon in possession of a firearm charge based on subject matter jurisdiction.
>
> Ground Four: Ineffective assistance of defense counsel by failing to move for a dismissal of the possession of a firearm by a convicted felon base [sic] on the subject matter decriminalization of this offense through duress, stand your ground immunity, and/or self defense.

(ECF No. 1 at 7–16).

Respondent contends the petition should be dismissed as untimely (ECF No. 7). Petitioner states that he never claimed that his § 2254 petition was timely (*see* ECF No. 11 at 2–3). He argues he is entitled to equitable tolling of the limitations period (*see* ECF No. 1 at 19; ECF No. 11 at 1–6). Petitioner also argues that he is entitled to review of his petition under the "actual innocence" exception to the time bar (*see* ECF No. 1 at 10–11; ECF No. 11 at 6).

II. ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending is not counted toward the one-year limitations period. 28 U.S.C. § 2244(d)(2).

Respondent argues that the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment of conviction, pursuant to § 2244(d)(1)(A) (*see* ECF No. 7 at 3–4). Petitioner does not argue that a different statutory trigger applies, and thus does not appear to dispute that the finality date of the judgment is the appropriate trigger for the federal limitations period (*see* ECF No. 11).

The state court record affirms that Petitioner's conviction became final on April 13, 2011, upon expiration of the thirty-day period for filing a notice of appeal of the judgment of conviction rendered on March 14, 2011. The federal the statute of limitations began to run on April 14, 2011, the day after the 30-day period for Petitioner to file a direct appeal expired.[2] Petitioner had one year from that date, or

---

[2] Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which

until April 14, 2012, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). Petitioner did not file his federal petition on or before April 14, 2012. Further, Petitioner did not have any application for state post-conviction relief pending during that one-year period.[3] Therefore, he is not entitled to statutory tolling under § 2244(d)(2). *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

Petitioner contends he is entitled to equitable tolling for two reasons. First, he was housed in the county jail from March 14, 2011 (the date of his conviction) to March 13, 2012, and during that time he believed that defense counsel, Attorney William Richbourg, had followed his (Petitioner's) instructions to file a direct appeal (ECF No. 1 at 19; ECF No. 11 at 1–5). Petitioner alleges during that time (from March 14, 2011 to March 13, 2012), he was awaiting final disposition of other charges, and did not have access to any "legal material" or a lawyer (even though he

---

the designated period of time begins to run shall not be included." Fed. R. Civ. P. 6(a); *see also* Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

[3] Petitioner's first application for state collateral relief was not filed until October 29, 2012 (Ex. E).

Case No.: 3:15cv583/LAC/EMT

acknowledges that he was represented by the public defender's office on the other charges) (*id.*). Petitioner's second argument in support of equitable tolling is that neither the trial court nor Attorney Richbourg informed him that he had thirty days to file a motion to withdraw his plea (*see* ECF No. 1 at 19; ECF No. 11 at 4–6).

"Because the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, the Supreme Court has held § 2244(d) does not bar the application of equitable tolling in an appropriate case." Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1157 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010)). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649. As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 477 (11th Cir. 2014).

Equitable tolling is assessed on a case-by-case basis, considering the specific circumstances of the case. Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012); *see* Holland, 560 U.S. at 649–50 (clarifying that the exercise of a court's equity powers must be made on a case-by-case basis). A petitioner has the burden of

establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory. Hutchinson, 677 F.3d at 1099. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653; *see also* Smith v. Comm'r, Ala. Dep't of Corr., 703 F.3d 1266, 1271 (11th Cir. 2012) (per curiam) (acknowledging petitioners are not required "to exhaust every imaginable option, but rather to make reasonable efforts"). Determining whether a factual circumstance is extraordinary to satisfy equitable tolling depends not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period. Cole, 768 F.3d at 1158 (quotation marks and citation omitted).

      Here, Petitioner has not shown how either circumstance upon which he relies in support of his tolling argument (i.e., his confinement in county jail under the belief that Attorney Richbourg had filed a direct appeal, and the trial court and Attorney Richbourg's failure to advise him that he had thirty days to file a motion to withdraw his plea) prevented him from filing a timely federal habeas petition.

      To the extent Petitioner argues that he delayed filing his federal petition because he believed that Attorney Richbourg was pursuing a direct appeal, Petitioner cannot

show a causal connection between this belief (that a direct appeal was pending) and his delay, until December 28, 2015, in filing his federal habeas petition. By October 29, 2012 (the date Petitioner filed his Rule 3.850 motion), Petitioner knew that Attorney Richbourg had not pursued a direct appeal, as evidenced by Petitioner's indicating this fact in his Rule 3.850 motion (*see* Ex. E at 2). Also on that date, Petitioner was aware, or could have been aware with due diligence, that the trial court and Richbourg had failed to advise him that he could seek to withdraw his plea. In the Rule 3.850 motion, Petitioner cited a provision of the Florida Rules of Criminal Procedure pertaining to guilty pleas, specifically, Rule 3.172 (*see id.* at 4–6). The provision which Petitioner asserts the trial court failed to advise him of is included in Rule 3.170. *See* Fla. R. Crim. P. 3.170(l). Since Petitioner was able to discover Rule 3.172 by October 29, 2012, he could have discovered Rule 3.170 by that date.

From October 29, 2012, to November 5, 2014, Petitioner's applications for post-conviction relief were pending in the state courts, as discussed *supra*. Even after the latest final disposition of those applications, on November 5, 2014, Petitioner still waited over a year from that date, until December 28, 2015, to file his federal petition. Petitioner does not allege the existence of any extraordinary circumstances after November 5, 2014, or that such circumstances prevented him from filing his federal

petition within a year from that date. Further, Petitioner did not have any qualifying state post-conviction applications pending during that time.[4] Therefore, Petitioner failed to demonstrate that tolling principles render his federal habeas petition timely.

Petitioner additionally contends he is entitled to review of his federal petition through the "actual innocence" exception to the time bar (ECF No. 1 at 7–15; ECF No. 11 at 5–6). He contends he is "factually innocent" of the charges because the State could not prove a prima facie case against him based upon the facts he verbally admitted during the plea and sentencing hearing, specifically that he did not point or discharge a firearm at the victim (*see* ECF No. 11 at 4–5).

In McQuiggin v. Perkins, — U.S. —, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), the Supreme Court held that there is an "equitable exception" to the statute of limitations set forth in § 2244(d), but only when the petitioner presents new evidence that shows it is more likely than not that no reasonable juror would have convicted him. 133 S. Ct. at 1928, 1931, 1933. The Court cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of [ ] new evidence, no

---

[4] Although Petitioner filed a second Rule 3.850 motion on January 16, 2015, the state court denied it as untimely (*see* Exs. W, EE). Untimely state post-conviction applications are not "properly filed" within the meaning of § 2244(d)(2). *See* Pace v. DeGuglielmo, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); Sweet v. Sec'y, Dep't of Corr., 467 F.3d 1311, 1316 (11th Cir. 2006).

juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) and citing <u>House v. Bell</u>, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006)).

> The Supreme Court stated in <u>Schlup</u>:
>
> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

513 U.S. at 327.

The Supreme Court has explained that "'actual innocence' means factual innocence, not mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). Further, a voluntary and intelligent plea of guilty made by an accused, who has been advised by competent counsel, is not vulnerable to collateral attack. *Id.* 523 U.S. at 621.

Here, Petitioner does not allege the existence of any "new" evidence (i.e., evidence of which he was not aware when he entered his plea) that demonstrates his factual innocence of the charges. Indeed, the transcript of the plea hearing demonstrates that all of the facts asserted by Petitioner in support of his actual

innocence claim were known to him at the plea hearing (*see* Ex. C at 6–9). Petitioner does not allege the existence of any new, reliable evidence which demonstrates his factual innocence of either charge of which he was convicted. Therefore, he is not entitled to review of his § 2254 petition through the "actual innocence" exception to the time bar.

In conclusion, Petitioner's § 2254 petition was not filed within the one-year statutory limitations period. Therefore, Respondent's motion to dismiss should be granted, and the § 2254 petition dismissed with prejudice as untimely.

### III. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct.

1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order. Rule 11(a) additionally provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 7) be **GRANTED**.

2. That the habeas petition (ECF No. 1) be **DISMISSED** with prejudice as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 27th day of July 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**